

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/09/2009

| | | |
|---|---|---|
| IN RE: | § | |
| ELAINE Y. TAO | § | CASE NO: 08-33271 |
| Debtor(s) | § | |
| | § | CHAPTER  7 |
| | § | |
| EXQUISITE DENTAL TECHNOLOGY, INC. | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 08-3309 |
| | § | |
| ELAINE Y. TAO | § | |
| Defendant(s) | § | |

### ORDER PARTIALLY GRANTING MOTION FOR SUMMARY JUDGMENT AND SETTING A FINAL PRETRIAL CONFERENCE
### (DOC # 27)

Exquisite Dental Technology, Inc. ("Exquisite") sued Elaine Tao ("Debtor" or "Tao") in California State Court alleging 9 legal theories under which Exquisite asked the California court to determine that Tao was indebted to Exquisite.  The California court rendered a default judgment, but did not make any findings and did not state the legal theory on which it found liability.  After Exquisite obtained the default judgment Tao filed a voluntary petition commencing a case under chapter 7 of the Bankruptcy Code.  Exquisite then filed this adversary proceeding alleging that the default judgment is non-dischargeable.  For reasons set forth below, the Court concludes that Tao is precluded from relitigating the California judgment, either as to liability or as to the principal amount of the debt.  However, Tao is not precluded from disputing whether Exquisite's claim is dischargeable.

### I.    FACTS

Although many facts are vigorously disputed, the facts essential to this order are not.

A.    The Overview

Exquisite is in the business of selling dental supplies.  On February 10, 2006, Exquisite filed its California lawsuit alleging (i) that it had an exclusive contract with a Chinese company to market their dental supplies in the United States, (ii) that it entered into a contract with Tao under which Tao would sell Exquisite products to customers, and (iii) that Tao breached the contract by contacting the Chinese company directly and selling directly to customers without Exquisite sharing the income.

Tao asserts that she was never properly served in the lawsuit.  She does not effectively deny Exquisite's allegations (in the motion for summary judgment in this adversary proceeding)

(i) that she knew about the California lawsuit, (ii) that she knew in advance that default judgment was possible, (iii) that she filed suit in Texas as a counterstrategy to the California lawsuit, (iv) that a default judgment was rendered against her, (v) that she filed a motion to set aside the default judgment and lost, (vi) that she appealed the adverse ruling, and (vi) that she failed to prosecute the appeal, resulting in its dismissal.

In the complaint on which the default judgment was rendered, Exquisite alleges 18 causes of action. The odd-numbered causes of action are directed at Tao; the even-numbered causes of action are directed at the Chinese company and its controlling person. Those causes of action relevant to Tao are:

| 1 | Breach of Contract |
|---|---|
| 2 | N/A |
| 3 | Fraud and Misrepresentation |
| 4 | N/A |
| 5 | Negligent Misrepresentation |
| 6 | N/A |
| 7 | Breach of Covenant of Good Faith and Fair Dealing |
| 8 | N/A |
| 9 | Intentional Interference With Contractual Relations |
| 10 | N/A |
| 11 | Negligent Interference With Contractual Relations |
| 12 | N/A |
| 13 | Intentional Interference With Prospective Economic Relations |
| 14 | N/A |
| 15 | Negligent Interference With Prospective Economic Relations |
| 16 | N/A |
| 17 | Request for Injunctive Relief |
| 18 | N/A |

The default judgment was issued December 5, 2006. It adjudicates liability in the amount of $2,540,712.30 plus interest and costs. It does not state the legal theory on which liability is found. The judgment also enjoins Tao from acting as [the Chinese company's] representative or agent for the sale of [the Chinese company's] dental products in the United States. It also enjoins Tao from using or distributing, Exquisite's proprietary, confidential, or trade secret information and from soliciting or selling [the Chinese company's] dental products to Exquisite's customers. Finally, the judgment orders Tao to return all confidential information to Exquisite.

B.   The Asserted Causes of Action in More Detail

Of the 9 causes of action asserted against Tao, only three assert fraud: the third, ninth, and thirteenth. That relevant parts of the complaint state:

> Tao, during the negotiation and performance of the Representative Agreement, represented that she would not conduct business directly with CTU or Tsai, or improperly use the "Exquisite Dental" trade name.
>
> Tao made the foregoing representations knowing them to be false and with the intent to deceive or defraud Exquisite in that, at the time she entered into the

>Representative Agreement, and during its performance, she did not intend to exclusively represent Exquisite in the solicitation and sales of dental products, she intended to conduct business directly with CTU and Tsai in direct competition with Exquisite, and she intended to improperly use the "Exquisite Dental" trade name, all in contravention of the Representative Agreement.

The word "fraud" is also asserted in paragraph 63 of the complaint, where Exquisite states that Tao's alleged Intentional Interference with Contractual Relations "constitutes oppression, fraud, and malice and was done with willful and conscious disregard of Exquisite's rights so as to justify an award of exemplary and punitive damages."

Finally, word "fraud" is also asserted in paragraph 84 of the complaint, where Exquisite states that Tao's alleged Intentional Interference with Prospective Economic Relations "constitutes oppression, fraud, and malice and was done with willful and conscious disregard of Exquisite's rights so as to justify an award of exemplary and punitive damages."

## II.     CONCLUSIONS

A.     Application of Collateral Estoppel

  1.     Collateral Estoppel Applies

The parties have exhaustively argued the California rules of collateral estoppel. The Court will not take the same amount of time. The Court sees no substantial difference between California rules and Illinois rules as applied in *Matter of Caton*, 157 F.3d 1026 (5th Cir., 1998). The facts in this case are strikingly similar to those in *Caton*: Tao apparently knew of the imminent request for (and issuance of) a default judgment, Tao initiated a Texas litigation strategy apparently in response to the California lawsuit (which is strikingly similar to the facts in *Caton* where the debtor removed the state court lawsuit), and Tao failed to participate in the state court suit once her alternative strategy did not succeed.

Tao asks the Court to revisit the California default judgment on a number of bases: inadequate of service of process, Exquisite's alleged failure to satisfy the duty of candor to the California court, alleged invalidity or other deficiency in the contract on which the damages were awarded, general unfairness, *etc.* Even if relitigation of these issues were not collaterally estopped, the *Rooker-Feldman* doctrine precludes this court reconsidering the judgment.

Therefore, the Court concludes that collateral estoppel applies as to all issues that were litigated or that were necessarily decided (expressly or by implication) in the California state court.

  2.     But Fraud Was Not Adjudicated, Expressly or Implication

Exquisite argues that because fraud is included in the complaint, the default judgment implies a fraud finding. The Court does not agree. Fraud is alleged in count three. It is stated in counts nine and thirteen, but not very convincingly. The elements of fraud are not apparent in

those latter two counts, and fraud appears to be pleaded only as a formality to justify punitive damages.

In *Caton*, the Fifth Circuit was definitive in pointing out that the Illinois court <u>could not have</u> entered the judgment that it did without finding conduct that the debtor was guilty of willful and malicious misconduct. That is not the case here. The default judgment could have been rendered on the conclusion that Tao had breached her contract, had negligently misrepresented information, had breached a covenant of good faith and fair dealing, had negligently interfered with contractual relations, of had negligently interfered with prospective economic relations.

B.   Order Partially Granting Summary Judgment

Therefore, Exquisite's motion for summary judgment is granted to the extent that liability and quantum have been decided by the California judgment. The remaining issues for trial are:

1. Whether

   Tao made … representations knowing them to be false and with the intent to deceive or defraud Exquisite in that, at the time she entered into the Representative Agreement, and during its performance, she did not intend to exclusively represent Exquisite in the solicitation and sales of dental products, she intended to conduct business directly with CTU and Tsai in direct competition with Exquisite, and she intended to improperly use the "Exquisite Dental" trade name…

2. Whether the alleged representations satisfy the requirements of "false pretenses, false representations, or actual fraud" as defined in Bankruptcy Code § 532(a)(2).[1]

### III.   ORDER FOR FINAL PRETRIAL CONFERENCE

The Court will hold a final pretrial conference on August 20, 2009, at 2:00 PM. Counsel for Exquisite must contact counsel for Tao prior to August 7 to discuss any matters that must be addressed at the pretrial conference, including estimates of how much time will be required for trial. Counsel must submit a joint report of (i) any matters requiring resolution at the pretrial conference, and (ii) an estimate of how much time will be required for trial. That report must be filed by August 17, 2009. If nothing need be addressed except the setting of a trial date, counsel may attend the pretrial conference by telephone by contacting the court's deputy clerk of court: *see* http://www.txs.uscourts.gov/bankruptcy/judges/wws/wwsappearbyphone.htm

SIGNED 07/09/2009.

_____
Wesley W. Steen
United States Bankruptcy Judge

---

[1] Exquisite did not allege willful or malicious misconduct or other proscribed conduct defined in § 523. It is now too late to amend to add any cause other than § 523(a)(2).